UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-22241-CIV-KING

JUNE BRIDGEWATER,

    Plaintiff,

v.

CARNIVAL CORPORATION, RAPSODY
TOURS, CHARTERS & CRUISE LIMITED,
DREAMER CATAMARAN CRUISES, and
XYZ CORPORATION

    Defendant(s).
_____/

## ORDER GRANTING IN PART DEFENDANT CARNIVAL'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant Carnival's Motion to Dismiss (DE #34), filed December 22, 2010.[1] Therein, Defendant Carnival requests dismissal of Plaintiff's Complaint on numerous bases.[2] On review of the Complaint and the parties' legal arguments, the Court finds that Defendant Carnival's Motion to Dismiss must be granted in part.

### I.  Factual Background

Plaintiff's Complaint (DE #1) seeks recovery for injury she suffered while participating in an excursion in Montego, Jamaica. According to the Complaint, Plaintiff was a ticketed passenger on the Carnival Conquest on September 9, 2009, when she disembarked the Conquest to take part in an excursion with Defendants Rapsody Tours, Charters & Cruise Limited,

---

[1] This matter is ripe for determination, as Plaintiff responded (DE #46) on January 31, 2011, to which Defendant filed its own reply (DE #52) on February 18, 2011.

[2] As an initial matter, the Court notes that Plaintiff's Complaint (DE #1) contains misnumbered counts: it is a five-count complaint, rather than eight due to this misnumbering. The counts relevant to Defendant Carnival are Counts I, III, IV, and V.

Charters & Cruise Limited, Dream Catamaran Cruises, and XYZ Corporation. The excursion involved embarking on another boat and participating in some type of watersport. While on the excursion, Plaintiff was holding a metal cable overhead aboard the excursion boat when she was struck by lightning. (DE #1 ¶¶21, 30 50). Plaintiff now seeks to recover against Defendants on the theory of negligence (Counts I and II), apparent agency (Count III), joint venture (Count IV), and third-party beneficiary (Count V).

## II.  Legal Standard

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed only if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). Finally, in analyzing the sufficiency of the complaint, the Court limits its consideration to "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

### III. Discussion

#### A. Count I: Negligence

In large part, Plaintiff's claim for negligence under Count I is predicated upon a laundry list of duties allegedly owed by Carnival to Plaintiff. For example, Plaintiff's Complaint claims that the Defendants had the following duties, as well as numerous others not here listed: provide a safe excursion, provide an excursion boat with a properly trained crew, warn of dangers in light of weather conditions, cancel excursions in light of weather conditions, monitor excursion providers and operations so as to ensure safety, train excursion providers, provide necessary safety equipment, competently operate excursions. According to Plaintiff, these duties – and their subsequent breach by the Defendants – entitle her to relief.

Nonetheless, Defendant would have this Court dismiss Count I on the basis that Plaintiff failed to plead "sufficient factual matter" to support a claim for negligence. The Court cannot agree. As was well settled by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), only a short and plain statement of a claim is required. Upon consideration of the Complaint (DE #1), there can be no doubt that the allegations are sufficient to provide notice to Carnival of both Plaintiff's claims and the factual bases upon which that claim is predicated. As such, Defendant's Motion to Dismiss must be denied as to Count I.[3]

---

[3] The Court notes that Defendant Carnival advances several arguments which are more appropriate for summary judgment: 1) the extent of a cruise ship's duty; and 2) the effect of an exculpatory clause in Plaintiff's Passenger Ticket. As to the first, Carnival disputes whether it owed a duty to Plaintiff under the facts as pleaded. (DE #34 at 3). However, such a contention is more appropriate for summary judgment than for the consideration upon a motion to dismiss. Indeed, the cases cited by Defendant in its Motion to Dismiss emanate from decisions by district courts at the summary judgment stage. *See, e.g., Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232 (S.D. Fla. 2006) (deciding ship-owner's duty was obvious and apparent at summary judgment stage); *John Morrell & Co. v. Royal Carribean Cruises, Ltd.*, 534 F. Supp. 2d 1345 (S.D. Fla. 2008). Similarly, Carnival contends that its contract with Plaintiff bars any claim resulting from injury suffered while on a shore excursion. (DE #34 at 8). Again, however, the cases relied upon by Defendant uniformly involve summary judgment. *See, e.g., Dubret v. Holland Am. Line Westours, Inc.*, 25 F. Supp. 2d 1151 (W.D. Wash. 1998) (deciding argument on summary judgment); *Corby v. Kloster Cruise Limited*, No. 89-4548, 1990 WL 488464 (N.D. Cal. Oct. 5, 1990) (same). As such, these arguments are premature at this time.

3

B. Count III: Apparent Agency

Defendant Carnival also contends that Count III of Plaintiff's Complaint must be dismissed because Plaintiff has failed to allege the necessary elements for a claim for apparent agency. To state such a claim, a Plaintiff must allege the following three elements: 1) the alleged principal made a manifestation which caused a third party to believe that an alleged agent had authority to act for the benefit of the principal; 2) such a belief was reasonable; and 3) the claimant reasonably relied upon that belief to his or her detriment. *See Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005). Specifically, Defendant contends that Plaintiff failed to plead the first and third element. (DE #34 at 11).

While Plaintiff counters that such pleading was contained within Paragraphs 10 and 11 of Plaintiff's Complaint, the Court cannot agree. The allegations contained with Paragraph 10 indicate that Carnival took certain steps to arrange Plaintiff's excursion, but nowhere is it alleged that Carnival took any action that caused Plaintiff to believe Defendant Rapsody Tours had authority to act *on Carnival's behalf*. (DE #1 ¶10). *Cf. Doonan*, 404 F. Supp. 2d at 1371. Instead, Plaintiff broadly asserts that "[a]t no time did Carnival represent to Plaintiff, in particular, or the ship's passengers in general, in a meaningful way that the Excursion Entities were not agents and/or employee(s) of Carnival." (DE #1 ¶11). As a matter of law, a plaintiff cannot satisfy the requirement of pleading positive manifestations by an alleged principal as to an agent's authority simply by stating that the principal did not disavow an agency relationship. As such, the Court finds that Count III must be dismissed, although Plaintiff will be permitted to amend within ten days its claim for apparent agency.

C. Count IV: Joint Venture

Similar to its contention regarding Plaintiff's failure to plead the elements of apparent agency, Defendant also claims that Plaintiff has failed to plead the elements required for a claim under joint venture. As noted by Defendant, the five elements necessary to such a claim are as follows: 1) the intention of the parties to create a join venture; 2) joint control or right of control; 3) joint proprietary interests in the subject matter of the venture; 4) right of both ventures to share in the profits; and 5) duty of both to share in the losses. *See Pinnacle Port Cmty. Ass'n, Inc. v. Orenstein*, 872 F. 2d 1536, 1539 (11th Cir. 1989) (detailing Florida law). According to Defendant, Plaintiff did not plead the first or third element of a claim for joint venture.

As with its determination on Plaintiff's claim for apparent agency, the Court again agrees with Defendant that Plaintiff has failed to plead the necessary elements of her claim. As to the first element of a joint venture claim, the Complaint states as follows:

> "[a]t all times hereto, a partnership and/or joint venture existed between [the Excursion Operators] by virtue of the following, whereby Carnival and [the Excursion Operators] are jointly and severally responsible for the negligence of each other's [sic] as partners of the partnership and/or joint venture."

(DE #1 ¶14(a)). While Plaintiff contends that her broad allegations meet the requirements (DE #46 at 20-21), an allegation of a *de facto* joint venture is not synonymous with the intent to create such a joint venture. Nor does Plaintiff satisfy the third element of a joint venture claim, as Plaintiff has not pleaded a joint *proprietary* interest in the subject matter of the venture. Instead, Plaintiff simply claims that Carnival and the Excursion Operators had a "community of interest in the performance of the common purpose, i.e. the provision of excursions to passengers on board ship." (DE #1 ¶44(a)). A community interest in achieving a goal cannot be considered equivalent to the required element of joint proprietary interests, which necessarily involves a

pecuniary benefit flowing to both members of a joint venture. Although Plaintiff correctly states that the determination as to the existence of a joint venture is often considered a question of fact, see *USA Independence Mobilehome Sales, Inc. v. City of Lake City*, 908 So. 2d 1151, 1158 (Fla. 1st DCA 2005), such a determination is unnecessary in the absence of a proper recitation of the elements of a claim for joint venture. Therefore, Defendant's Motion to Dismiss shall be granted as to Count IV, with leave to amend within ten days of the date of this Order.

### D. Count V: Third-Party Beneficiary

Finally, Defendant also moves to dismiss Count V, one styled as Third-Party Beneficiary, on the basis that Plaintiff fails to allege that Carnival breached a contract to which Plaintiff claims to be a third-party beneficiary. (DE #34 at 14-16). Namely, Defendant Carnival contends that Plaintiff failed to allege that Carnival itself breached a contract intended to benefit Plaintiff, and that Plaintiff's recitation of the elements of a claim as a third-party beneficiary are insufficient to satisfy the requirement of *Twombly*. *Id.* Although the Court cannot agree with Defendant that Plaintiff's failure to specify the details of the contract is fatal, the Court notes that Plaintiff has agreed to amend its Complaint to address Count V's other shortcomings. (DE #46 at 22). Therefore, Defendant's Motion to Dismiss as to Count V is granted, and Plaintiff shall have ten days to amend its claim.[4]

## IV. Conclusion

Accordingly, the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Motion to Dismiss (DE # 34) be, and the same is, hereby

    **GRANTED in part.**

---

[4] Whether such an action is appropriate in the context of Eleventh Circuit law holding that breach of contract actions cannot be implied will be decided by this Court subsequent to Plaintiff's amendment.

2. Counts III, IV, and V of Plaintiff's Complaint (DE #1) are **DISMISSED without prejudice** to amend **within ten days** of the date of this Order. In all other regards, Defendant's Motion to Dismiss is **DENIED**.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, dated this 1st day of March, 2011.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:

**Counsel for Plaintiff**
**Carlos Felipe Llinas Negret**
Law Offices of Lipcon, Margulies & Alsina P.A.
2 South Biscayne Boulevard
One Biscayne Tower, Suite 1776
Miami, FL 33131
(305) 373 3016
Fax: (305) 373 6204
Email: cllinas@lipcon.com

**Jason Robert Margulies**
Lipcon Margulies & Alsina
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, FL 33131
305-373-3016
Fax: 373-6204
Email: crewlawyer@aol.com

**Counsel for Defendant Carnival Corporation**
**Adam David Warden**
Foreman Friedman, P.A.
One Biscayne Tower
2 South Biscayne Blvd.
Suite 2300
Miami, FL 33131
Email: awarden@fflegal.com

**Jeffrey Eric Foreman**
Maltzman Foreman PA
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803
305-358-6555
Fax: 374-9077
Email: jforeman@mflegal.com

**Noah Daniel Silverman**
Maltzman Foreman PA
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803
305-358-6555
Fax: 305-374-9077
Email: nsilverman@mflegal.com

**Counsel for Defendant Rapsody Tours**
**Jerry Dean Hamilton**
Hamilton Miller & Birthisel LLP
150 SE 2nd Avenue
Suite 1200
Miami, FL 33131
305-379-3686
Fax: 379-3690
Email: jhamilton@hamiltonmillerlaw.com

**Hector Virgilio Ramirez**
Hamilton Miller & Birthisel
150 SE Second Avenue
Suite 1200
Miami, FL 33131-2332
305-379-3686
Fax: 379-3690

**Michael John Dono**
Hamilton, Miller & Birthisel LLP
200 Southeast First Street
Suite 1102
Miami, FL 33131
305-379-3686
Fax: 305-379-3690
Email: mdono@hamiltonmillerlaw.com