UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-22241-CIV-KING

JUNE BRIDGEWATER,

    Plaintiff,

v.

CARNIVAL CORPORATION, RAPSODY
TOURS, CHARTERS & CRUISE LIMITED,
DREAMER CATAMARAN CRUISES, and
XYZ CORPORATION

    Defendant(s).
_____/

## ORDER GRANTING IN PART DEFENDANT RAPSODY'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant Rapsody Tour's Motion to Dismiss (DE #43), filed January 24, 2011.[1] Therein, Defendant Rapsody requests dismissal of two counts pertaining to Defendant within Plaintiff's Complaint, Counts IV and IV.[2] In part, Defendant Rapsody relies on an earlier decision by this Court in *Morse v. Carnival Corp.*, No. 09-20441 (June 24, 2009). On review of the Complaint and the parties' legal arguments, the Court finds that Defendant Rapsody's Motion to Dismiss must be granted in part.

**I.**    **Factual Background**

Plaintiff's Complaint (DE #1) seeks recovery for injury she suffered while participating in an excursion in Montego, Jamaica. According to the Complaint, Plaintiff was a ticketed

---

[1] This matter is ripe for determination, as Plaintiff filed a Response (DE #53) on February 21, 2011, to which Defendant Rapsody filed a Reply (DE #54) on March 1, 2011.

[2] As an initial matter, the Court notes that Plaintiff's Complaint (DE #1) contains misnumbered counts: it is a five-count complaint, rather than eight due to this misnumbering. The counts relevant to Defendant Rapsody are Counts II, IV, and V. Therefore, Defendant Rapsody does not seek dismissal of Plaintiff claim for negligence under Count II.

passenger on the Carnival Conquest on September 9, 2009, when she disembarked the Conquest to take part in an excursion with Defendants Rapsody Tours, Charters & Cruise Limited, Charters & Cruise Limited, Dream Catamaran Cruises, and XYZ Corporation. The excursion involved embarking on another boat and participating in some type of watersport. While on the excursion, Plaintiff was holding a metal cable overhead aboard the excursion boat when she was struck by lightning. (DE #1 ¶¶21, 30 50). Plaintiff now seeks to recover against Defendant Rapsody on the theory of negligence (Counts II), joint venture (Count IV), and third-party beneficiary (Count V).

## II.   Legal Standard

As has been noted by this Court on numerous occasions, "[f]or the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed only if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). Finally, in analyzing the sufficiency of the complaint, the Court limits its consideration to "the well-pleaded factual

allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

### III. Discussion

#### A. Count IV: Joint Venture

Defendant seeks dismissal of Plaintiff's claim for Joint Venture (Count IV) on the basis that Plaintiff fails to satisfy the necessary pleading requirements for such a claim. Furthermore, Defendant Rapsody contends that it entered into an Agreement with Defendant Carnival that expressly contradicts Plaintiff's allegations. At this stage in the proceedings, however, the Court holds that, regardless of any contradiction between Defendants' Agreement and the Complaint, Plaintiff is entitled to attempt to state a claim for joint venture under these circumstances. Nonetheless, on review of Plaintiff's Complaint, the Court finds that Plaintiff has failed to do plead the necessary elements to recover for joint venture. As such, Count IV shall be dismissed with leave to amend within ten days from the date of this Order.

As noted by Defendant, the five elements necessary to such a claim are as follows: 1) the intention of the parties to create a join venture; 2) joint control or right of control; 3) joint proprietary interests in the subject matter of the venture; 4) right of both ventures to share in the profits; and 5) duty of both to share in the losses. *See Pinnacle Port Cmty. Ass'n, Inc. v. Orenstein*, 872 F. 2d 1536, 1539 (11th Cir. 1989) (detailing Florida law). According to Defendant, the Agreement between Defendants undermines Plaintiff's allegations and, further, Plaintiff did not plead the first, second, or fourth element of a claim for joint venture.

The Court agrees with Defendant that Plaintiff has failed to plead the necessary elements of her claim. As to the first element of a joint venture claim, the Complaint states as follows:

> [a]t all times hereto, a partnership and/or joint venture existed between [the Excursion Operators] by virtue of the following, whereby Carnival and [the Excursion Operators] are jointly and severally responsible for the negligence of each other's [sic] as partners of the partnership and/or joint venture.

(DE #1 ¶14(a)).  While Plaintiff contends that her broad allegations meet the requirements (DE #53 at 6-7), an allegation of a *de facto* joint venture is not synonymous with the intent to create such a joint venture.  Nor does Plaintiff satisfy the second element of a joint venture claim, as Plaintiff has not pleaded that both Defendant Rapsody and Defendant Carnival had joint control over the operations at issue.  Instead, Plaintiff has simply alleged that Carnival arranged Plaintiff's cruise.  (DE #1 ¶14).  Nowhere, however, has Plaintiff alleged any factual basis for believing that joint control of the underlying excursion was shared by Defendants Rapsody and Carnival.  Finally, as to the fourth element of a claim for joint venture, Plaintiff alleges broadly that Defendant Rapsody and Defendant Carnival "shared profits and losses" (DE #1 ¶14(h)).  However, as with the second element, Plaintiff has made no factual allegation to support such a statement.  While notice pleading is a liberal standard, allegations must be grounded upon some factual basis.  Here, such a basis appears to be lacking.  Therefore, Defendant Rapsody's Motion to Dismiss shall be granted as to Count IV, with leave to amend within ten days of the date of this Order.

   B.  Count V: Third-Party Beneficiary

Defendant Rapsody also moves to dismiss Count V, one styled as Third-Party Beneficiary, on the basis that the Agreement entered into by Defendants Rapsody and Carnival indicates no intent to confer any such benefit on Plaintiff.  (DE #43 at 9-14).  Because the Court

4

declines to interpret the Agreement between Defendants Carnival and Rapsody at this time, the Court finds that Defendant's Motion to Dismiss Count V must be denied.[3]

### IV. Conclusion

Accordingly, the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Motion to Dismiss (DE # 43) be, and the same is, hereby **GRANTED in part.**

2. Counts IV of Plaintiff's Complaint (DE #1) is **DISMISSED without prejudice** to amend **within ten days** of the date of this Order. In all other regards, Defendant's Motion to Dismiss is **DENIED.**

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, dated this 2d day of March, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:

**Counsel for Plaintiff**
**Carlos Felipe Llinas Negret**
Law Offices of Lipcon, Margulies & Alsina P.A.
2 South Biscayne Boulevard
One Biscayne Tower, Suite 1776
Miami, FL 33131
(305) 373 3016
Fax: (305) 373 6204
Email: cllinas@lipcon.com

---

[3] As a final matter, the Court declines to extend its ruling in *Morse v. Carnival* to the instant case at this time. In *Morse*, Plaintiff was given multiple opportunities to amend and dismissal with prejudice was only ordered by the Court upon it becoming apparent that further amendment was unavailing. There has as of yet been no such showing here.

5

**Jason Robert Margulies**
Lipcon Margulies & Alsina
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, FL 33131
305-373-3016
Fax: 373-6204
Email: crewlawyer@aol.com

**Counsel for Defendant Carnival Corporation**
**Adam David Warden**
Foreman Friedman, P.A.
One Biscayne Tower
2 South Biscayne Blvd.
Suite 2300
Miami, FL 33131
Email: awarden@fflegal.com

**Jeffrey Eric Foreman**
Maltzman Foreman PA
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803
305-358-6555
Fax: 374-9077
Email: jforeman@mflegal.com

**Noah Daniel Silverman**
Maltzman Foreman PA
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803
305-358-6555
Fax: 305-374-9077
Email: nsilverman@mflegal.com

**Counsel for Defendant Rapsody Tours**
**Jerry Dean Hamilton**
Hamilton Miller & Birthisel LLP
150 SE 2nd Avenue
Suite 1200
Miami, FL 33131
305-379-3686
Fax: 379-3690
Email: jhamilton@hamiltonmillerlaw.com

**Hector Virgilio Ramirez**
Hamilton Miller & Birthisel
150 SE Second Avenue
Suite 1200
Miami, FL 33131-2332
305-379-3686
Fax: 379-3690

**Michael John Dono**
Hamilton, Miller & Birthisel LLP
200 Southeast First Street
Suite 1102
Miami, FL 33131
305-379-3686
Fax: 305-379-3690
Email: mdono@hamiltonmillerlaw.com